IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00059–MSK–KMT

THEOPHILUS ARTHUR,

       Petitioner,

v.

MICHAEL MUKASEY, Attorney General,
MICHAEL CHERTOFF, Secretary of the Department of Homeland Secuirty,
JOHN LONGSHORE, U.S. ICE Field Office Director for the Denver Field Office, and
THERESA HUNT, Warden of Immigration Detention Facility,

       Respondents.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

       This matter is before the court on Respondents' "Motion to Dismiss" (Doc. No. 21, filed December 10, 2009). On January 15, 2009, Petitioner, appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus, challenging his continued detention by the Immigration and Custody Enforcement ("ICE"). On December 10, 2009, in lieu of filing a response to the Order to Show Cause issued by this court on November 12, 2009 (Doc. No. 12), Respondents filed a motion to dismiss, asserting that the petition should be dismissed as moot because Petitioner has been deported to Ghana. For the reasons set forth herein, this court recommends that the Motion to Dismiss be granted and that the Petition be dismissed as moot.

At the time he filed his petition, Petitioner was in custody of the ICE and detained at the Aurora ICE Processing Center in Aurora, Colorado. (Petition at 2.) Petitioner alleges that he is a native citizen of Ghana, and that he was ordered removed from the United States on April 17, 2008, apparently after being arrested for an unidentified offense. (Petition at 4.) Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that his continued jail detention under 8 U.S.C. § 1231(a)(6) is a violation of the statutory authority granted to the ICE. (Petition at 6.) Petitioner further alleges that his detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. (Petition at 7–8.) Petitioner requests that he be released from custody. (Petition at 9.)

Respondents state that Petitioner was deported to Ghana on January 22, 2009, and contend the petition should be dismissed as moot because there is no longer a case or controversy before the court. (Mot. to Dismiss at 2.) As evidence of Petitioner's deportation, Respondents have attached a Warrant of Removal/Deportation (Form I-205). (Mot. to Dismiss, Attach. 2.) Page two of the Form I-205 evidences the execution of the warrant. (*Id.*) The form contains a photograph of an individual identified as Petitioner, his signature and fingerprint, and also contains the signature of an immigration official witnessing Petitioner's departure on January 22, 2009. (*Id.*) Respondents state that Petitioner's destination was Ghana. (Mot. to Dismiss at 2.)

Petitioner has not filed a response to the Motion to Dismiss. However, the court notes that all mail sent to Petitioner at the ICE Processing Center in Aurora, Colorado, since February 2009 has been returned to this court as undeliverable. (*See* Doc. Nos. 7, 9, 10, 11, 16.)

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody." 28 U.S.C. § 2241(c)(1). The "in custody" requirement is satisfied if the applicant was officially detained at the time the habeas application was filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). If the petitioner is later released from custody, the pertinent question is whether the application continues to present the court with a case or controversy as required under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7.

The Constitution requires that for federal court jurisdiction a live case or controversy must be extant at all stages of the proceeding and it is "not enough that the dispute was alive when the suit was filed." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). A case becomes moot if an event occurs during the pendency of an action that "makes it impossible for the court to grant "any effectual relief." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations and citation omitted).

Petitioner's sole challenge in the present case is his prolonged detention in the Aurora ICE Processing Center in Aurora, Colorado, while his deportation to Ghana is pending. Because Petitioner has now been deported, the relief he requests, release from ICE custody, is no longer available and cannot be redressed by a favorable judicial decision. Furthermore, Petitioner does not allege any of the exceptions to the mootness doctrine, so as to require that the court undertake review of these exceptions. *See Riley*, 310 F.3d at 1256–57.

WHEREFORE, for the foregoing reasons, this court respectfully **RECOMMENDS** that Respondents' "Motion to Dismiss" (Doc. No. 21) be granted and that the Petition be dismissed as moot. *See Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) (unpublished) (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge