IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00059-MSK-KMT

THEOPHILUS ARTHUR,

Petitioner,

v.

MICHAEL MUKASEY, Attorney General,
MICHAEL CHERTOFF, Secretary of the Department of Homeland Security,
JOHN LONGSHORE, U.S. ICE Field Office Director for the Denver Field Office, and
THERESA HUNT, Warden of Immigration Detention Facility,

Respondents.

---

**ORDER AND OPINION ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation **(#24)** that the Defendants' Motion to Dismiss **(#21)** be granted. Having considered the same, the Court **FINDS** and **CONCLUDES**

## I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

The issue presented is whether Mr. Arthur's application for writ of habeas corpus is moot because he has been removed from this country.

## III. Material Facts

On January 14, 2009, Mr. Arthur, then in the custody of ICE at the Aurora ICE

Processing Center, filed an application for a writ of habeas corpus alleging that his detention was unlawful. According to the Application, Mr. Arthur is a native of Ghana. He was taken into ICE custody in February 2008 after he was arrested by state police for an unspecified offense. No criminal charges were ever filed against Mr. Arthur. Mr. Arthur was ordered removed from the country on April 17, 2008. He waived his right to appeal the order of deportation and, thus, the order of deportation became final on that date. The Application alleges that although Mr. Arthur complied in all respects to effectuate his removal, he remained in ICE custody and his removal was not anticipated in the reasonably foreseeable future. The Application argues that his continued detention beyond the six month presumptively reasonable period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001)[1] constitutes a statutory violation under 8 U.S.C. § 1231(a)(6)[2], a substantive due process violation, and a procedural due process violation. Mr. Arthur requests only that he released from custody.

Mr. Arthur, however, was removed to Ghana on January 22, 2009. As evidence of his removal, the Defendants provide a signed Warrant of Removal/Deportation (Form I-205). This

---

[1] In *Zadvydas*, the Supreme Court held that the duration of an alien's detention pending removal should not exceed the amount of time "reasonably necessary to secure removal." Thus, the Court concluded the detention must end if there is no significant likelihood that removal can be effectuated in the "reasonably foreseeable future." A detention period lasting six months or less is presumptively reasonable. To continue detention of an alien who has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future, the government must present evidence sufficient to rebut the alien's showing. As the period of detention grows, so does the burden on the government to demonstrate that removal is reasonably foreseeable.

[2] 8 U.S.C. § 1231(a)(6) provides that "an alien ordered removed who is inadmissible . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."

form includes a Mr. Arthur's photograph, signature, and fingerprint and the signature of an immigration official who witnessed his departure. Additionally, all mail sent to Mr. Arthur at the Aurora ICE Center has been returned as undeliverable.

## IV. Analysis

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within ten days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which a timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district court may then accept, reject, or modify the recommendations. When no party files objections to a magistrate judge's recommendation, the court has discretion to apply whichever standard of review it deems appropriate. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In this case, no party objected to the Recommendation. Therefore, this Court need not engage in a *de novo* review of the Recommendation. The Court, however, notes that it agrees with the Recommendation under any standard of review.

The Recommendation correctly sets forth the standard by which a court determines whether a petition is moot based on the petitioner's release from custody.[3] When a petitioner is released from custody, a court must determine whether the claims are rendered moot. *See*

[3] Pursuant to 28 U.S.C. § 2241(c), a writ of habeas corpus shall not enter unless the petitioner is "in custody" at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989). Thus, a petitioner's release from custody while the petition is pending does not deprive a court of the authority to grant habeas relief.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). Article II, § 2 of the United States Constitution provides that the existence of a live case or controversy is a prerequisite for federal jurisdiction. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Thus, a court must decline to exercise jurisdiction over a case when the issues presented in the case become moot. *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994). The central question in determining mootness is whether the court is capable of providing any remedy that has an effect in the real world. *See Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999). Indeed, the litigants must continue to have a personal stake in the outcome of a case. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990). There are, however, a few exceptions to the mootness doctrine: (1) secondary or collateral injuries remain even after resolution of the primary injury; (2) the issue is a wrong capable of repetition yet evading review; (3) the defendant, although having voluntarily ceased an allegedly illegal practice, is free to resume it at any time; or (4) the case is a properly certified class action suit. *See Riley*, 310 F.3d at 1256.

In this case, the Recommendation recommends that the Motion to Dismiss[4] be granted because the case is moot. The Court agrees. Mr. Arthur is no longer in the custody of ICE as he was removed from this country in January 2009. Thus, because Mr. Arthur has already obtained the only relief that he requested in his Application—his release from custody—the court is unable to provide any remedy that will have an effect in the real world. In other words, Mr. Arthur no longer has a personal stake in the outcome of this litigation as he has obtained the full

[4] The court construes the Motion to Dismiss as a motion seeking that the Application be denied as moot.

relief he requested.[5] The Court further agrees with the Recommendation that there is no evidence that any of the exceptions to the mootness doctrine apply here.

**IT IS THEREFORE ORDERED** that

(1) The Magistrate Judge's Recommendation **(#24)** is **ADOPTED**.

(2) The Defendants' Motion to Dismiss **(#21)** is **GRANTED**.

(3) The Petition (#1) is **DENIED AS MOOT**.

(4) The Clerk of Court is directed to close this case.

Dated this 19th day of January, 2010

**BY THE COURT:**

Marcia S. Krieger

United States District Judge

[5] The Tenth Circuit applied essentially the same reasoning in *Sule v. INS*, 189 F.3d 478 (table), 1999 WL 618716, at *1–2 (10th Cir. Aug. 27, 1999) (unpublished). In *Sule*, the Tenth Circuit concluded that the petitioner's challenge to the legality of his detention was mooted by his deportation. The Court noted that a favorable judicial decision was unlikely to redress any injury suffered as a result of his detention by INS. As discussed *supra*, the same reasoning is applicable here.